# BRAFMAN & ASSOCIATES, P.C.

ATTORNEYS AT LAW

767 THIRD AVENUE, 26TH FLOOR

NEW YORK, NEW YORK 10017

TELEPHONE: (212) 750-7800

FACSIMILE: (212) 750-3906

E-MAIL: BBRAFMAN@BRAFLAW.COM

BENJAMIN BRAFMAN

ANDREA ZELLAN
JOSHUA D. KIRSHNER
JACOB KAPLAN
ALEX SPIRO

MARK M. BAKER
OF COUNSEL

MARC AGNIFILO
OF COUNSEL
ADMITTED IN N.Y. AND N.J.

September 18, 2014

The Honorable Douglas E. Arpert
United State Magistrate Judge
District of New Jersey
402 East State Street
Trenton, NJ 08608

Re: **United States v. Mendel Epstein, et al.**, 14 Cr. 287 (FLW)

Dear Judge Arpert:

We represent Martin Wolmark in the above-referenced case. On October 16, 2013, this Court set Rabbi Wolmark's bail conditions to include a condition of home incarceration at Wolmark's home in Monsey, New York. In February 2014, this Court modified Rabbi Wolmark's bail conditions to allow Rabbi Wolmark to work at Yeshiva Shaarei Torah (where Wolmark is the dean) from 11:00 a.m. to 7:00 p.m. We now write the Court seeking further modification of Rabbi Wolmark's bail conditions.

As dean of Yeshiva Shaarei Torah, Rabbi Wolmark's duties include teaching classes, attending prayer services and learning sessions, and overseeing the administration. Since his arrest, however, Rabbi Wolmark has been unable to attend the school's evening learning session (8:30 p.m. – 10:15 p.m.) or evening prayers at the school (10:15 – 10:35 p.m.). Without Rabbi Wolmark's attendance and direction, several disciplinary and administrative issues have developed with staff and students taking advantage of his absence.

Moreover, an important aspect of Rabbi Wolmark's role as dean is fundraising. Even during its best years, the school's tuition revenue is unable to cover the school's operating expenses. With over 175 students, the school relies on its fundraising activities to raise money to pay its teachers and employees, as well as to house and feed its students. Prior to his October 2013 arrest, Rabbi Wolmark's fundraising activities included networking and frequently meeting with potential donors. His fundraising efforts also included attending social functions as the face of the school and officiating at religious ceremonies of the school's students and alumni. Attendance at these events was instrumental because it afforded Rabbi Wolmark the opportunity to speak face-to-face with numerous potential donors. Many of these events take place at night and at locations outside

BRAFMAN & ASSOCIATES, P.C.

of Monsey (e.g., in Brooklyn and Queens, New York, or Lakewood, New Jersey). Including travel time, Rabbi Wolmark would sometimes not return home until after midnight. Under the current bail conditions, however, Rabbi Wolmark has not been able to attend these functions. As a result, the Yeshiva's financial situation has suffered significantly as Rabbi Wolmark's fundraising efforts have been hampered. The situation has affected the school's employees and their families, as well as the quality of the education the school can provide its students.

Additionally it is important to note that Rabbi Wolmark relocated his elderly parents from Memphis, TN, to live nearby him in order to oversee their care. Rabbi Wolmark's mother is extremely frail, having survived stage three lymphoma and suffers from heart disease amongst other ailments. Rabbi Wolmark's father suffers from advanced Alzheimer's disease. Rabbi Wolmark's inability to oversee their care has directly impacted their health.

To address these concerns, we respectfully request that this Court modify Rabbi Wolmark's bail conditions by changing the home detention requirement to a 12:30 a.m. – 6:30 a.m. curfew, as well as allowing Rabbi Wolmark to travel within New York and New Jersey without prior approval from Pretrial Services.

Additionally, Rabbi Wolmark would like to be allowed to stay overnight at his children's or family members' homes in New Jersey and New York or in a hotel nearby for religious holidays or to attend family *simchas*/events, with prior notice to Pretrial Services.

In making this application, we note that these modified conditions are in line with the conditions set for other defendants in this case—including the lead defendant, Rabbi Mendel Epstein. Specifically, on September 9, 2014, this Court conducted a bail modification hearing for Rabbi Epstein and made the following modifications:

1. changing the home incarceration requirement to a 11:00 p.m. to 5:00 a.m. curfew;

2. allowing Rabbi Epstein to travel within New York and New Jersey without prior approval from Pretrial Services;

3. allowing Rabbi Epstein to stay overnight at his children's homes in New York and New Jersey with prior notice to Pretrial Services;

4. permitting Rabbi Epstein to work as an advisor arbitrator in civil matter; and

5. permitting Rabbi Epstein to publicly speak and write.[1]

We have spoken with New Jersey Pretrial Services, who consents to our bail modification request. We have also spoken with the Government (AUSA Joseph Gribko, appearing) about the need to modify Rabbi Wolmark's bail conditions. While the Government notes that it objects to

---

[1] This Court denied Rabbi Epstein's request to work as an advisor/arbitrator in matrimonial matters and participate in beth din proceedings.

**BRAFMAN & ASSOCIATES, P.C.**

Rabbi Wolmark's modification request (in the same manner that the Government objected to Rabbi Epstein's bail modification request), the Government concedes that Rabbi Wolmark does not pose a greater flight risk than Rabbi Epstein did. In addition, the Government notes that Rabbi Wolmark does not pose any greater danger to the community than Rabbi Epstein.

Accordingly, for the reasons stated, we respectfully request that this Court grant the requested modifications to Rabbi Wolmark's bail conditions.

Thank you for your consideration.

Very truly yours,

Benjamin Brafman

Marc Agnifilo

cc: AUSA Joseph Gribko (via email)
Pretrial Services Officer Laurie Nadler (via email)

3